IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 1:15cr24-LG-RHW
                                      CIVIL NO. 1:17cv215-LG
**JOHN PEDELAHORE**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE UNDER 28 U.S.C. § 2255

BEFORE THE COURT is the Motion [48] of the defendant, John Pedelahore, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255.[1] The government has responded, and Pedelahore has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied without an evidentiary hearing.

### BACKGROUND

In 2005, the district court for the Eastern District of Louisiana sentenced Pedelahore to sixty months imprisonment and five years supervised release for violation of 18 U.S.C. § 2422(b): use of the internet to coerce and entice a minor for illegal sexual activity. (Judgment, ECF No. 1-2). After jurisdiction of Pedelahore's supervised release was transferred to this Court in 2015, Pedelahore was found to have violated the conditions of his release twice. On both occasions, Pedelahore was

---

[1] This Motion was first filed as a Motion for Immediate Release, document number 45. When the Court construed it as a § 2255 motion, the Clerk of Court refiled it with that title at document number 48. The original motion [45] will therefore be denied as moot.

unable to comply with the special conditions forbidding him from accessing the internet. (*See* Judgments, ECF Nos. 16, 44). The last time his supervised supervision was revoked, in February 2017, he was sentenced to two years imprisonment followed by eight years of supervised release. (Judgment, ECF No. 44). He will remain incarcerated until February 2019, at which time he will be subject to the same supervised release terms prohibiting him from accessing the internet without obtaining advance permission from the probation officer. (*Id*. at 6 (¶¶4, 6)).

Pedelahore's present Motion raises a constitutional challenge to his sentence of imprisonment; he contends that, under the rationale of the recent United States Supreme Court opinion in *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017), this Court's special conditions forbidding use of an internet-capable device and denying him access to the internet unless he has obtained permission from his probation officer violate his First Amendment rights. He contends he has served his time and paid the price for his crime, and "his only mistake was owning a phone that could access the internet." (Def. Mot. 3, ECF No. 48).

DISCUSSION

In *Packingham*, the United States Supreme Court analyzed a North Carolina statute making it a felony for a registered sex offender "to access a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." N.C. Gen. Stat. Ann. §§ 14-202.5(a), (e). The court determined this statute was an

unwarranted intrusion on the sex offender's First Amendment rights, stating that "[i]t is unsettling to suggest that only a limited set of websites can be used even by persons who have completed their sentences." *Packingham*, 137 S. Ct. at 1737. The court held that North Carolina had improperly suppressed lawful speech as the means to suppress unlawful speech, and therefore it was necessary to invalidate the statute. *Id.* at 1738.

The *Packingham* decision is inapplicable to Pedelahore's circumstances. Even while on supervised release, Pedelahore is serving his criminal sentence, and the Court has broad discretion in establishing the conditions under which Pedelahore will serve the supervised release portion of his sentence. *United States v. Miller*, 665 F.3d 114, 132 (5th Cir. 2011). The Court may impose supervised release conditions that are "reasonably related" to any of these factors:

> 1) the nature and characteristics of the offense and the history and characteristics of the defendant;
>
> 2) the deterrence of criminal conduct;
>
> 3) the protection of the public from further crimes of the defendant; or
>
> 4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*Id.* at 126 (citation omitted).

As noted above, Pedelahore's 2005 conviction was for using the internet to coerce a minor to engage in sexual activity. Each of his revocation hearings showed that he continued to use the internet to solicit sexual activity. Clearly, the special

conditions restricting Pedelahore's usage of internet-capable devices and internet access are reasonably related to at least three of the four factors above. Furthermore, the restrictions do not impose an "absolute, lifetime Internet ban" which the Fifth Circuit has held to be impermissible. *United States v. Duke*, 788 F.3d 392, 399 (5th Cir. 2015). Once he is released from prison, Pedelahore must only comply with the special conditions for eight years, and he can obtain permission from the probation officer to use an internet-capable device or access the internet during that eight years. The Fifth Circuit Court of Appeals has upheld this type of restriction as reasonable. *Miller*, 665 F.3d at 132 (approving twenty-five year prohibition on computer and internet use unless prior permission from the Probation Office in child pornography case). For these reasons, the Court finds that Pedelahore is not in custody in violation of his Constitutional rights. Because the Motion and the record in this case conclusively show that Pedelahore is entitled to no relief, the Motion will be denied without a hearing. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order adverse to a petitioner unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). The Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For claims rejected on their merits, the defendant may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the record, the Court concludes that jurists of reason would conclude without debate that Pedelahore has not stated a valid claim for relief under § 2255. Accordingly, a COA will not issue in this case.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [48] to Vacate Under 28 U.S.C. § 2255, filed by the defendant, John Pedelahore, is **DENIED**. A certificate of appealability from this decision is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [45] for Immediate Release filed by the defendant, John Pedelahore, is **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED** this the 19th day of October, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE